# Bragg *v.* Patterson.

*Bill in Equity by Creditor, to set aside Fraudulent Conveyance.*

1. *Contribution between sureties, or joint obligors.*—The right of contribution between co-sureties is founded on natural justice; and the principle extends to joint obligors who give their note for borrowed money, one half for the separate use of each, and the whole debt is paid by one of them.

2. *Protection to creditors against fraudulent conveyances; contingent liability as surety.*—A contingent liability as surety makes the party a creditor within the provisions of the statute of frauds, from the date of the contract; and though he has no cause of action until he has paid the debt, he is entitled to protection against fraudulent conveyances executed by the principal debtor in the meantime.

3. *Assignment of judgment to surety paying it; rights of assignee.*—When a surety has paid a judgment rendered against his principal and himself, taking an assignment of it to himself, he may assert, in law or equity, any lien or right against the principal debtor which the plaintiff might have asserted if the debt had not been paid (Code, § 3157); and this includes the right to file a bill in equity to set aside a fraudulent conveyance executed by the principal debtor, and to subject the property conveyed to the payment of the debt.

4. *Parties to bill; misjoinder of defendants.*—The plaintiff in a judgment which has been paid by a defendant who was surety, and assigned to him, is not a necessary party plaintiff to a bill filed by the assignee to set aside a fraudulent conveyance executed by the principal debtor; and if he is improperly joined as a defendant, but does not demur on that account, the misjoinder is not available to the other defendants.

APPEAL from the Chancery Court of Wilcox.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 2d July, 1887, by Thomas H. Patterson, against Thomas Bragg, Willis N. Bragg, Robert J. Carson, John C. Pritchett, and J. N. Miller as guardian of James Dear, a minor; and sought to set aside, as fraudulent, a conveyance executed by said Thomas Bragg to Willis N. Bragg and Carson, and to subject the property conveyed to the satisfaction of two judg-

ments, which had been recovered against the complainant and said Thomas Bragg, by said Pritchett and Miller, and which the complainant had paid, taking an assigment of them to himself. The conveyance by Thomas Bragg to Willis N. Bragg and Carson, a copy of which was made an exhibit to the bill, was dated May 16th, 1887. The judgments in favor of Pritchett and Miller, which were paid by the complainant, were rendered on the 26th May, and 2d June, 1887, respectively; and were assigned to him on the 24th June, and 2d July, 1887. Separate demurrers to the bill were filed by Thomas Bragg, Willis N. Bragg, and Carson, all of which were overruled by the chancellor; and his decree overruling then is now assigned as error by Willis N. Bragg.

R. .GAILLARD, and S. J. CUMMING, for appellant.

J. N. MILLER, and BRUTUS HOWARD, contra, cited Owen v. McGehee, 61 Ala. 440; Keel v. Larkin, 72 Ala. 493; Jenkins v. Lockard's Adm'r, 66 Ala. 377; Lawson v. Ala. Warehouse Co., 73 Ala. 289; Code, § 3157.

CLOPTON, J.—The appeal is taken from a decree overruling a demurrer to the bill, which is filed by appellee as a creditor, and seeks to have annulled and set aside as fraudulent a conveyance made in 1887 by Thomas Bragg to Robert J. Carson and Willis N. Bragg, and to condemn the property conveyed to the payment of complainant's demands, which accrued by his payment of several notes on which he was liable as surety for the grantor. Errors are assigned only by the appellant, Willis N. Bragg. Complainant bases his claim as creditor on the following allegations: In April, 1885, Thomas Bragg borrowed from J. N. Miller, as guardian, four hundred dollars, for which he gave his note, with complainant as surety. In February, 1885, complainant and Thomas Bragg gave their two joint notes, each for over five hundred dollars—one to Miller as guardian, and the other to John C. Pritchett—for money borrowed of them respectively. One half of the money for the loan of which the last two notes were given, was borrowed for, and used by each of the makers. Complainant paid his share of these notes without suit. In July, 1887, Pritchett recovered a judgment for the balance due on his note; and in November, 1887, Miller recovered a judgment for the full amount of the note for four hundred dollars, and for the balance due on the

other note. The judgments were rendered against both the makers of the notes, and, with the costs of suit, were paid by complainant, to whom they were assigned by the plaintiffs under section 3418 of Code 1876.

It is assigned as cause of demurrer to the parts of the bill which claim contribution from Bragg, for the relief of complainant, on account of his payment of the two notes for the money jointly borrowed, that complainant was not surety for Bragg, but both were principals. In *Owen v. McGehee*, 61 Ala. 440, the parties desiring to purchase parts of a tract of land of unequal quantities, and not otherwise differing in value, entered into an agreement, by which the entire tract was purchased in the name of one of them. All joined in the note for the purchase-money, and each took possession of the part allotted to him by the agreement. It was held, that all were jointly and severally bound as principals to the vendor; but, as between themselves, each was principal only for his share of the purchase-money, and a surety for the remainder. The right to contribution, being founded in natural justice, is not restricted to any special relation, but applies to original contractors, or any other relation, where equity between the parties is equality of burden, and one discharges more than his share of the common obligation. Complainant and Bragg jointly borrowed the money, and as to the lender both were principals; but, as between themselves, each, having received and used one half for his individual benefit, is principal as to such portion, and a surety for the other half. Complainant, having paid the entire amounts due on both notes, is entitled to contribution from Bragg.

The general equity of the bill is unquestionable, and it is not affected or impaired by the assignments of the judgments to complainant. If they are such judgments, and rendered on such demands as fall within section 3418, the statute confers on complainant the right to assert, in law or equity, any lien or right against the principal debtor which the plaintiffs could assert if the debts had not been paid, and is cumulative, fortifying the general equity. Though the liability of complainant as surety was contingent at the time the conveyance was made, and a right of action did not not accrue until the subsequent payment of the judgments, it constitutes him a creditor within the meaning of the statute of frauds, from the date of the contract by which the liability was originally incurred; and he is protected against the

[Anthe v. Heide.]

fraudulent conveyance of the principal debtor *ad interim*, the same as if certain and absolute from its inception.—*Keel v. Larkin*, 72 Ala. 493.   In such case, the surety is a simple-contract creditor, and, by the statutory provision, may bring his bill to subject to his demand property fraudulently conveyed by his debtor.   The sufficiency or insufficiency of the assignments of the judgments is an immaterial question.   If insufficient, complainant, on the allegations of the bill, may maintain it as a simple-contract creditor; if sufficient, as assignee of the judgments, or in both rights.   In either aspect, the relief will be the same; and in either event, he may bring the bill in his own name, without joining as complainants the plaintiffs in the judgments.—*Scheussler v. Dudley*, 80 Ala. 547.

Were it conceded that the assignors of the judgments were improperly made defendants, they answered the bill without demurrer on their part; and by the well settled rule of equity pleading and practice, misjoinder of defendants is an objection personal, and only available to the defendant improperly joined.—*Norwood v. Memphis & Charleston Railroad Co.*, 72 Ala. 253.

Affirmed.