## NORRIS v. CHURCHILL.

[No. 2,587. Filed June 28, 1898. Rehearing denied Oct. 11, 1898.]

CONTRIBUTION.—*Bills and Notes.*—Five persons purchased a horse, each paying one-sixth of the purchase price thereof, the remaining one-sixth they borrowed from a bank upon their joint promissory note, payable on demand. Defendant, one of the joint makers, without the knowledge or consent of the other makers, paid to the bank one-fifth of the note, and the other makers, on the same day, gave their joint note, negotiable by the law merchant, for the remaining four-fifths of the debt, defendant not joining therein. Prior to the payment by defendant, two of the makers of the original note had become insolvent, and so continued thereafter. When the second note became due the makers thereof renewed it, and upon this note the bank sued, and obtained judgment against the makers thereof. Plaintiff, one of the makers, paid the judgment, and had it assigned to him. *Held*, that defendant was liable for his proportionate part of the amount paid by plaintiff in excess of his share of the debt. *pp. 668-671.*

NEW TRIAL.—*Causes.*—*Excessive Damages.*—A motion for a new trial on the ground that the damages assessed by the court are excessive can only be made in cases of tort. *pp. 671, 672.*

From the Rush Circuit Court. *Affirmed.*

*W. A. Cullen*, *W. H. Martin*, *J. D. Megee* and *D. C. Justice*, for appellant.

*B. L. Smith*, *Claude Cambern* and *D. L. Smith*, for appellee.

BLACK, J.—The appellee sued the appellant for contribution. They, with three others, jointly purchased

a horse, each of the five purchasers paying one-sixth part of the price. The remaining one-sixth part of the purchase-money they borrowed from a bank upon their joint promissory note payable at said bank upon demand. The appellant, without the knowledge or consent of the appellee, paid to the bank the one-fifth part of the amount of the note in cash. The other makers thereof, on the same day, gave their joint promissory note, negotiable by the law merchant, to the bank for the balance, being four-fifths of the amount of the debt, the appellant not joining with the other makers in the execution of the latter note. Prior to the appellant's said payment of a part of the debt, two of the makers of the original note, Joseph T. Johnson and Owen Kincaid, had become insolvent, and they so continued thereafter. When the second note became due the makers thereof renewed it, and upon this third note the bank sued and recovered judgment thereon against the makers thereof. The appellee paid the judgment by giving his note negotiable by the law merchant to the bank, and the bank assigned the judgment to the appellee. The appellee thus paid all the original debt except the one-fifth part thereof so paid by the appellant. The five makers of the original note owned equal interests in the horse. When the makers of the original note borrowed the money for which it was given, they agreed between themselves that each should pay one-fifth of the amount borrowed.

The questions saved and presented in this court may be disposed of by deciding whether, upon such a state of facts, the appellee was entitled to contribution from the appellant.

It is contended, in effect, that as the appellant paid in cash his agreed share of the original note, and as the balance thereof was paid to the bank by the prom-

issory note, negotiable by the law merchant, of the other makers of the original note, the appellee could not acquire the right to contribution from the appellant by the appellee's final compulsory payment of the balance of the debt represented by the renewed promissory note, negotiable by the law merchant, given by the makers of the original note other than the appellant. Each of the makers of the joint obligation was principal as to his part, and co-surety for the others as to their respective parts. *Goodall* v. *Wentworth*, 20 Me. 322; *Bragg* v. *Patterson*, 85 Ala. 233, 4 South. 716. The right to contribution originated in equity, and is based upon natural justice. It applies to any relation, including that of joint contractors, where equity between the parties is equality of burden, and one of them discharges more than his share of the common obligation. *Bragg* v. *Patterson, supra; Aspinwall* v. *Sacchi*, 57 N. Y. 331; *Sexton* v. *Sexton*, 35 Ind. 88. Where a number of persons borrowed a sum jointly, but received different portions for their several uses, and one of the borrowers became insolvent, it was held that the others should contribute to pay his share, in proportion to the amount received by each. *Kincaid* v. *Hocker*, 7 J. J. Marsh. 333. In the case at bar the makers of the original joint note derived benefit equally from the proceeds of that note.

When there is an entire debt owed equally by several, the solvent debtors must share equally in any burden thrown upon them by the insolvency of a part of their number. *North* v. *Brace*, 30 Conn. 60, 72. Sureties who are insolvent are to be excluded in determining the proportions. See *Newton* v. *Pence*, 10 Ind. App. 672; *Michael* v. *Allbright*, 126 Ind. 172.

The agreement between the joint makers of the note that, as between themselves, they were to be bound to discharge the common obligation to the payee equally,

each paying his equal share, would not relieve any one of them who had paid his ratable share from the equitable obligation to contribute to another of the joint makers who was compelled to pay more than his ratable share. Such a contract or understanding between the joint makers would not create a relation between them different from that which would exist by law by reason of the makers being bound by a common obligation; for, in such case, there is an implied contract that each will pay and discharge the common obligation equally. The obligation to make contribution is based upon an implied contract which exists from the date of the creation of the relation between the parties. The right is inchoate from that date. It becomes complete upon payment, but it relates back to the time the relation commenced out of which the right springs. *Nally* v. *Long*, 56 Md. 567; *Bragg* v. *Patterson, supra; Sexton* v. *Sexton, supra.* It is no defense to an action for contribution that the defendant has been released by the original creditor. *Clapp* v. *Rice,* 55 Gray, 557, 77 Am. Dec. 387.

The appellant had not performed his implied contract arising at the original creation of the joint debt. The suit for contribution was not based upon any note or judgment, but was founded upon that implied contract. Equity looks through mere forms to find the natural justice of the whole transaction. Two of the five original joint debtors being insolvent, and the appellee having been compelled to pay, in addition to his own share, the shares of these two insolvents, equity, which is equality, demanded that the debtors who were not insolvent should equally bear the burden of the shares of the insolvents so paid; that the appellant should reimburse the appellee to the extent of one-third of the amount which the latter had thus

been compelled to pay in excess of his ratable share of the joint debt.

Counsel for appellee have suggested that no question as to the amount of the recovery was saved by the motion for a new trial, wherein it was assigned as cause, that "the damages assessed by the court are excessive," which is the fourth statutory cause, and can be properly assigned only in cases of tort. This suggestion is supported by decisions. *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548; *Thomas* v. *Merry,* 113 Ind. 83, 91; *Western Assurance Co.* v. *Studebaker Bros. Mfg. Co.,* 124 Ind. 176, 182. The judgment is affirmed.

Henley, C. J., took no part in the consideration or decision of this cause.