# Ross *v.* DeCampi.

*Bill in Equity to enjoin the Enforcement of a Judgment.*

1. *Surety; when relation not shown to exist as to creditor.* Where, in the execution of a contract of lease, a party claiming to have acted as a surety for the lessee signed both the contract and the note, and there was not in either of said instruments anything to indicate that the parties thereto did not derive equal rights under the lease, or that they were each not bound as parties for the payment of the rental notes, and it is shown that in leasing said premises the lessor dealt with the party claiming to have been surety, as a lessee, as between such party and the lessor, he is not a surety but a principal, notwithstanding he may have occupied the relation of surety as to the other party to the contract.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. WILLIAM L. PARKS.
The bill in this case was filed by the appellant, Sidney Ross, against the appellee, E. A. deCampi.

[Ross v. DeCampi.]

At the November term, 1900, of the circuit court of Montgomery county, E. A. deCampi, appellee in this case, recovered a judgment against Sidney Ross, the appellant, for one hundred and sixty dollars. The suit was brought to recover the balance due on twelve rent notes made payable to deCampi, and signed by A. C. Bradford, Georgia Bradford, and Sidney Ross. This judgment was recovered against Ross as co-maker. Ross then made a motion for a new trial, which motion was overruled. He then filed the present bill in the chancery court of Montgomery county, praying for an injunction against the collection of said judgment. The other facts of the case are sufficiently stated in the opinion.

On the filing of the bill there was a temporary injunction issued. On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for and ordered the injunction theretofore issued dissolved, and the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

GORDON MACDONALD, for appellant.

WATTS, TROY & CAFFEY, *contra.*—Where a party signs a lease or note, and is named therein as a party or principal, he will be estopped to set up that he is surety only. *Derry Bank v. Baldwin,* 41 N. H. 434; *Sprigg v. Bank,* 10 Peters, U. S., 257.

If the creditor parts with, or renders unavailable securities, the surety becomes exonerated only to the extent of the value of such securities.—*White v. Life Association,* 63 Ala. 424; *Cullum v. Emanuel,* 1 Ala. 29.

SHARPE, J.—By this bill complainant seeks an injunction against the enforcement of a judgment recovered against him by the defendant in an action on certain promissory notes made by complainant jointly with A. C. Bradford and Georgia Bradford. The ground alleged as raising a right to relief is that complainant's obligation on the notes was that of a surety for the Bradfords, and that defendant having further security for

the notes in form of a landlord's lien on furniture of the Bradfords voluntarily surrendered the same without complainant's consent and to his prejudice, which fact, without lack of diligence on his part, first came to his knowledge after the judgment was rendered.

From the evidence it appears the notes were given in consideration of a lease evidenced by writing and made by defendant to complainant and the Bradfords jointly upon certain premises described in the lease as a storehouse. The leasing contract as well as the notes are signed by the complainant and the Bradfords, and in neither of those instruments is there anything to indicate that they did not derive therefrom equal rights under the lease or that they are not each bound as principals for the payment of the rental notes. The testimony also shows that defendant in letting the premises dealt with complainant not as a surety but as a lessee; and assuming that, as such, he was a joint recipient of the consideration for which the notes were given the conclusion follows that as between him and defendant complainant was a principal on the notes, whatever may have been the relation in which he stood to the Bradfords.—*Owen v. McGehee,* 61 Ala. 440; *Bragg v. Patterson,* 85 Ala. 233.

The essential averment of suretyship has not been proved and this consideration without regard to others that have been offered in defense necessitates an affirmance of the decree.

Affirmed.