# Redd, *et al. v.* Wallace, Trustee.

*Bill to Declare a Sale Fraudulent and a Preference under Bankruptcy Act.*

[DECIDED FEB. 8, 1906, 40 So. REP. 407.]

1. *Fraudulent Conveyances; Reservation of Benefit to Debtor; Effect.* A debtor sold oats to his creditor in payment of his debt, at a price which was almost equal to the highest market value of the oats, and the creditor agreed to pay the debtor $34.00; *Held,* not such a reservation of a benefit to the debtor as would render the sale fraudulent as to his other creditors.

2. *Bankruptcy; Preference; Recovery by Trustee; Jurisdiction.*—Section 818 of the Code, while authorizing a bill in chancery to subject to the payment of creditor's debts, property which has been fraudulently conveyed by the debtor, does not authorize

the setting aside a conveyance which operates only as a preference under the bankruptcy act; and the remedy given by the Bankrupt act authorizing the trustee to pursue the property conveyed as a preference, in any State court having jurisdiction, in the absence of bankruptcy, affords relief in the state courts against those conveyances only which would be invalid under the laws of this state.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

This was a bill in chancery filed by John H. Wallace as trustee in bankruptcy of the estate of Estes & Brown against William Redd, et als. doing business as the Birmingham Grain Co., seeking to declare a certain transaction a preference under the bankruptcy act and to avoid the same. Estes & Brown were indebted to the Birmingham Grain Co., and some time prior to filing their petition in bankruptcy, received a car load of oats with bill of lading attached. They were unable to pay the freight, whereupon the Birmingham Grain Co. agreed to pay the freight and give to them, Estes & Brown, the sum of $34.40, if they would pay for the carload of grain and turn it over to the Birmingham Grain Co., in payment of the debt owing by Estes & Brown to the grain company. This was done. It further appeared that the price paid by the grain company for the oats was not in excess of their highest market value. The chancellor held that it was not fraudulent and void under the laws of the State of Alabama, but that it was a preference under the bankruptcy act and so decreed. From this decree, respondents appeal.

FRANK S. WHITE & SONS, for Appellant.—The bill was multifarious in that, it alleged that the sale was made with intent to hinder, delay and defraud creditors, and that it has a preference under the bankruptcy act. —*Hardin v. Swope*, 47 Ala. 273; *Truss v. Miller*, 116 Ala. 494; *Seale v. Pheiffer*, 81 Ala. 518; *Obear v. Volfer*, 106 Ala. 205; *Beddow v. Sheppard*, 118 Ala. 474; *Kennedy v. Kennedy*, 2 Ala. 572; 14 Am. & Eng. Ency. P. and P., pp. 196, 202. It was not shown or averred that the bankruptcy court or the referee had authorized this suit by the trustees. The sale was not fraudulent and void as to creditors under the Alabama law.—*Pollock*

*v. Meyer*, 96 Ala. 172; *Meyer v. Sulzbacker*, 76 Ala. 26; *Carter v. Coleman*, 84 Ala. 256; *Bank v. Smith*, 93 Ala. 97; 87 Ala. 35; 79 Ala. 107; 84 Ala. 529; 79 Ala. 171; 76 Ala. 73; 55 Ala. 281; 74 Ala. 522; 72 Ala. 43; 75 Ala. 411; 76 Ala. 120; Ib. 103.

The court had no jurisdiction to declare the transaction a preference.

STERLING A. WOOD, for Appellee.—It is respectfully submitted that under the statutes of Alabama for the prevention of frauds that this conveyance was void as against creditors, and that they have the right to complain of the same.

It is also contended that it is void under the various phases of the act of congress relating to bankruptcy inasmuch as it is charged and proved that at the time the Birmingham Grain Company received this carload of oats they had reasonable cause to believe that it was intended thereby to give them a preference over the remaining creditors of the said bankrupt.

It is held in the case of *Andrews v. Mather*, 32 So. 738, that "Bankrupt Acts of 1898, section 70 E. does not limit a trustee to an action at law but he may under Code, section 818 maintain suit in equity in state court for property fraudulently conveyed."—*Mueller v. Bruss*, 8 Amer. Bk. Rep. 442.

We also quote the following authorities upon the right of the trustee to avoid the preference in question.

"A trustee of a bankrupt may sue for property transferred by the bankrupt for the purpose of giving a preference as prohibited by Bankrupt Act, 1898, without first obtaining an order of the bankrupt court.—*Clusin v. Bank*, 77 Miss. 599; 27 Sou. 637 also 610; *In re Conhain*, 97 Fed. 923; *Perkins v. McCauley*, 98 Fed. 286; *Silberstein v. Stable*, 4 Amer. Bk. Rep. 627.

"When a debtor with knowledge of his insolvent condition transfers property to his creditors an intent to prefer them will be conclusively presumed.—*In re Gilbert*, 8 Am. Bk. Rep. 101; *Benedict v. Deshiel*, 11 Am. Bk. Rep. 20.

"The question is whether an ordinarily prudent man under the same circumstances would have had reason-

able cause to believe that a preference was intended, which is a question of fact rather than of law."—*In re Eggut,* 4 Am. Bk. Rep. 449; *Crittenden v. Barton,* 5 Am. Bk. Rep. 775; 4 Collier, 424.

"As to what constitutes reasonable cause to believe, see conclusion of *In re Platts,* 6 Am. Bk. Rep. 568; *Silberstein v. Stable,* 4 Am. Bk. Rep. 626; 4 Collier, p. 423. See also *Barker v. Franklin,* 8 Am. Bk. Rep. 468; 37 Misc. Rep. 292; 75 N. Y. Supp. 305. ·

"A declaration in an action by the trustee to set aside a preference alleging that the preferential payment in question was made by the bankrupt when insolvent and in four months of bankruptcy as a preferential payment and that the payee knowingly received it as such, is sufficient against demurrer. It is not necessary to aver in express terms that the payments were fraudulently made. —*Chusin, Trustee v. Bank,* 5 Am. Bk. Rep. 56; *Richter v. Nimmo,* 6 Am. Bk. Rep. 680.

"An assignee in bankruptcy under the law of 1867 took the property of the bankrupt subject to all legal and equitable claims of third persons except in the case of a fraudulent conveyance by the bankrupt.—*Cain v. Sheets,* 77 Ala. 492.

ANDERSON, J.—We concur with the chancellor in holding that the sale of the car load of oats was not fraudulent and void under the laws of Alabama.—*Pollack v. Meyer,* 96 Ala. 172, 11 South. 385; *Meyer v. Sulzbacher,* 76 Ala. 120; *Hodges v. Coleman,* 76 Ala. 103; *Crawford v. Kirksey,* 55 Ala. 282, 27 Am. Rep. 704. It is true this court has held that if the creditor goes beyond the collection of his debt and thereby secures a reservation or benefit to the debtor, the conveyance will not stand. And conveyances of this character have been condemned where property has been conveyed partly in payment of an antecedent debt and for a new or subsequent consideration, upon the idea that when the creditor goes beyond the collection of his debt, and obtains property from an insolvent debtor, he is assisting him in getting his property beyond the reach of his other creditors.—*Levy & Co. v. Williams,* 79 Ala. 171. It is

true, also. that in the case at bar the respondent went beyond the collection of his debt, and agreed to pay the debtors, Estes & Brown, the difference between the price of the car load of oats and what was owing them, which was $34. While this may be true, the debt owing them was not materially less than the value of the oats, and we do not think that the assumption of the respondent to pay to the debtor the balance, being only $34, would be such a fraud on the other creditors as would violate the transaction. In other words, if the sale had been for the sole purpose of paying what was due the respondent, an amount almost equal to the highest market value of the oats, would any court declare it void because of said small difference between the market value of the oats and the amount of the debt? We think not. Then, if the conveyance would stand without the assumption of the respondent to pay Estes & Brown this small balance, the fact that they did agree to pay said balance would not be an act of which the other creditors could complain and by which they could have been injured or defrauded.

The chancellor held that, while the conveyance was not fraudulent, it was such a preference as is prohibited by section 60 of the bankrupt act of 1898.—Act July 1, 1898, c. 541. 30 Stat. 562 [U. S. Comp. St. 1901; p. 3445]. Conceding that the facts supported his conclusion, we become confronted by a qusetion of jurisdiction. Has a trustee in bankruptcy the right to subject, in the chancery court, property not fraudulently conveyed, but merely conveyed by way of preference under said section 60 of the bankrupt act of 1898? Independent of the statute a creditor could not resort to the chancery court to set aside a fraudulent conveyance or subject property so conveyed to the payment of his claim, unless he had a lien or had obtained a judgment at law which could not be enforced without the aid of this court.—*Reese v. Bradford,* 13 Ala. 838; *Sanders v. Watson,* 14 Ala. 198; *Marble City v. Golden,* 110 Ala. 376, 17 South. 935; *Dickinson v. Nat. Bank,* 98 Ala. 546, 14 South. 550. The rule requiring a lien and exhaustion of legal remedies was enlarged by a statute, now contained in section 818

of the Code of 1896, and which reads as follows: "A creditor without a lien may file a bill in chancery to discover or to subject to the payment of his debt any property which has been fraudulently transferred or conveyed or attempted to be fraudulently transferred or conveyed by his debtor." It will be observed that the statute gives the right to file the bill to subject property fraudulently transferred or conveyed, or attempted to be fraudulently conveyed or transferred, and has no application to a conveyance which would operate only as a preference under the federal statute, and which would not, under our laws, amount to a fraudulent conveyance or an attempted fraudulent conveyance or transfer. A conveyance could be such a preference as is prohibited by the federal statute, and yet not be fraudulent under the laws of this state, and when such is the case our statute giving the right to file a bill has no application. It is true the bankrupt act gives the trustee the right to pursue property conveyed under such conditions as would operate as a preference, and which is thereby prohibited in "any state court which would have had jurisdiction if bankruptcy had not intervened." We do not think that the chancery court has jurisdiction to grant relief as against a conveyance which is a mere preference and which is not pronounced fraudulent by the laws of our state.—*O'Conner Mining Co. v. Coosa Co.,* 95 Ala. 614, 10 South. 290, 36 Am. St Rep. 251. In other words, we think the remedy given by the statute is intended to afford relief only against that class of conveyances which would be invalid under our laws, not those which would be valid in this state, but are simply made voidable by the federal statute

We do not mean to hold that a trustee cannot avoid a preference, and that the state court is not open to him for a recovery of the property or its value, as is provided by the act of bankruptcy, but simply to hold that such a conveyance is not one which can be avoided by a bill in chancery, unless there is an averment and proof of fraud.—*Turrentine v. Koopman,* 124 Ala. 211, 27 South. 522. What we hold in the case at bar does not conflict with the principles declared in the case of *Andrews v.*

*Mather*, 134 Ala. 358, 32 South. 738. There we held that
the trustee in bankruptcy could maintain a bill under
section 818 of the Code of 1896 to set aside a fraudulent
conveyance. Here we hold that he cannot resort to the
chancery court to avoid a conveyance which is not fraud-
ulent, but which might be a preference under the bank-
rupt act. Pretermitting the other questions presented
by this appeal, we hold that the chancellor properly
held that the sale was not fraudulent, but that, after so
holding, he erred in granting relief upon the theory that
it was a preference, which involved a question not with-
in the jurisdiction of the chancery court.

The decree of the chancellor is reversed, and a decree
is here rendered dismissing the bill, but without preju-
dice to complainant's right to treat the sale as a prefer-
ence under the act of bankruptcy and to proceed further
in the proper forum.

HARALSON, DOWDELL & DENSON, JJ., concur.