(122 So. 623)

HARRISON et al. v. STUART. (4 Div. 400.)

Supreme Court of Alabama. May 23, 1929.

A. Whaley, of Andalusia, for appellants.

Leon G. Brooks, of Brewton, and Baldwin & Murphy, of Andalusia, for appellee.

BROWN, J. This is a bill filed by the appellee as trustee in bankruptcy of the estate of M. G. Harrison, Charles Dixon, and Jesse Dixon, bankrupts, against the bankrupts, Agnes Dixon and Nell Harrison, to set aside and annul, as fraudulent, several certain separate and distinct conveyances and transfers of several certain different and distinct properties, real and personal, and prays in the alternative that said conveyances and transfers be declared a general assignment for the benefit of creditors.

The defendants jointly and severally filed demurrers to the bill and the several paragraphs thereof, assigning, among other grounds, that there is no equity in the bill; that the same is multifarious in that the same contains matters relative to several different alleged sales, transfers, or assignments, which are not shown to be connected with each other as one common transaction and purpose; that it is not alleged and stated with certainty who the alleged creditors are; misjoinder of parties defendant; that it is not alleged or shown the amount of the indebtedness of the alleged bankrupts.

The court overruled the demurrers, and the

defendants have appealed and assigned this ruling of the court as error.

The averments in respect to the indebtedness are, that on and prior to March 4, 1927, July 19, 1927, and September 10, 1927 (these being the dates of the alleged transfers and conveyances), the said M. G. Harrison, Jesse Dixon, and Charles Dixon "were indebted to various creditors by accounts, and which said accounts have been proven in the bankrupt court for the Middle district of Alabama, Northern division, as provided by law, * * * complainants aver that at the time said several conveyances were executed the said M. G. Harrison, Jesse Dixon, and Charles Dixon were insolvent and unable to pay their existing debts, and that they remained insolvent until after they were adjudged bankrupts."

One of said alleged fraudulent transfers was made by Charles Dixon and M. G. Harrison, partners doing business as Dixie Turpentine Company, to Nell Harrison; some were made by Charles Dixon to Agnes Dixon; others were made by M. G. Harrison and Charles Dixon to Nell Dixon, another by Jesse Dixon to Agnes Dixon, and another by Jesse Dixon and Claudya Dixon to Agnes Dixon. Each and all of said transfers related to separate and distinct parcels of real property, commodities, or things.

While it appears, though there is no direct positive averment of the fact, that M. G. Harrison and Charles Dixon were or had been engaged in business as partners under the firm name and style of Dixie Turpentine Company, it is not averred that the partnership, as well as the individuals, was adjudged bankrupt; nor is it averred that Jesse Dixon was in any way connected with Harrison and Charles Dixon, or that their estate in bankruptcy was a common estate, or that the creditors were common creditors of all of said bankrupts.

■ A trustee in bankruptcy seeking to set aside fraudulent conveyances stands in the shoes of the creditors of the bankrupt, and must conform to the established rules of procedure and practice, and state his case with the same certainty and particularity as a creditor would be required to do if he were proceeding in his own name. Cartwright et al. v. West, 173 Ala. 198, 55 So. 917. That is, the indebtedness due from the bankrupt must be described, and care must be taken to show that the debt was due and payable when the bill was filed. Freider v. Lienkauff & Strauss, 92 Ala. 469, 8 So. 758; Bragg v. Patterson, 85 Ala. 233, 4 So. 716; McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268, 59 So. 567; 15 C. J. 1420, § 134.

■ Where, as here, the bill is by a trustee in bankruptcy, it should aver the names of the creditors, the amount of their respective claims, from whom due, that they have been duly proven and allowed as claims in the bankruptcy court, and are still valid and subsisting claims against the bankrupt estate. 15 C. J. 1420, § 135.

■ A trustee in bankruptcy in a creditor's bill filed under the statute, to set aside fraudulent conveyances, cannot have such transactions declared unlawful preferences under the bankruptcy law. Redd et al. v. Wallace, Trustee, 145 Ala. 209, 40 So. 407.

It is also settled by the decisions of this court that a creditor's bill may be maintained by the creditors of a common debtor, and that such bill is not multifarious because it joins several distinct grantees or transferees of such common debtor, and involves distinct transactions as to separate and distinct properties. Lehman et al. v. Meyer et al., 67 Ala. 396, 403; Hill et al. v. Moore, 104 Ala. 353, 16 So. 67; Wilson et al. v. First National Bank of Gadsden, 209 Ala. 70, 95 So. 340.

■ While the rule in respect to multifariousness is a rule of convenience, administrative in character, affording room for a sound judicial discretion on its application, according to the facts of the particular case, yet it is clear that a bill filed by creditors who have no community of interest, against several defendants whose interest is likewise separate and distinct, under all the authorities, is subject to the objection of multifariousness. Lehman et al. v. Meyer et al., supra.

■ Therefore, taking the averments of the bill most strongly against the pleader, as must be done on demurrer, it was subject to the objection pointed out by grounds 3, 8, 10, 11, and 14, and the court erred in overruling the demurrer.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.