## WAITES et al. v. FIRST NAT. BANK OF WETUMPKA.

5 Div. 150.

Supreme Court of Alabama.

Dec. 14, 1933.

Rehearing Denied Jan. 18, 1934.

Huddleston, Glover & Jones, of Wetumpka, for appellants.

Holley, Milner & Holley, of Wetumpka, for appellee.

FOSTER, Justice.

This is a creditor's bill by a simple contract creditor to discover, and subject to the payment of the debt property which is alleged to have been fraudulently conveyed. Section 7342, Code.

It alleges that, subsequent to the creation of the debt, the debtor conveyed certain real estate to his wife without consideration, with the intent to hinder, delay, or defraud his creditors, and that such conveyance is fraudulent and void for that there was no consideration for it.

The demurrer is mainly directed to the claim that those facts are not sufficient to justify the allegation of fraud, and because it does not show that the grantee participated in the alleged fraud.

■ We have frequently referred to the settled rule in Alabama, that an existing creditor may have the chancery court set aside a deed as fraudulent, when it is voluntary, without an allegation that the debtor was insolvent, or that the parties participated in an intent to defraud. It has been many times held that allegations such as are here stated are sufficient as against that claim. The authorities are cited in Birmingham Property Co. v. Jackson Securities & Investment Co., 226 Ala. 612, 148 So. 316; Kuykendall v. Terry, ante, p. 227, 149 So. 687.

■ In the case of Little v. Sterne, 125 Ala. 609, 27 So. 972, the bill was in two aspects. In one, it alleged that the conveyance was voluntary, and in another that the consideration was inadequate. The demurrer was to the separate aspects. The court was considering that which alleged that the consideration was inadequate, though the grantee was a purchaser for a valuable consideration. It is not at all in conflict with our recent cases. The grounds of demurrer directed to that theory

of the bill on this appeal are not well taken, and cannot be the predicate for error in overruling the demurrer.

■ Assuming that the footnote is not a sufficient compliance with rule 11 of Chancery Practice by reason of the blank left in it, and that a footnote is not a mere formal matter, but is necessary to give the bill completeness (rule 12, Chancery Practice; O'Neal v. Robinson, 45 Ala. 526), and that, when there is an absence of a footnote, the bill is subject to demurrer, and for a blank in it, is subject to a motion to dismiss (rule 10, Chancery Practice), this court is, in respect to such matters, one of review, and the circuit court should first act upon the alleged defect, and that action properly presented to us before we are at liberty to review it.

In O'Neal v. Robinson, supra, action on that situation was taken impliedly in the chancery court, in that a final decree was rendered in that court founded upon a decree pro confesso on a bill without a footnote, and without sufficient evidence to sustain the allegations of the bill. It was held that the decree pro confesso did not aid the proofs. It was not held that, if the proof had been sufficient, relief would have been denied as in a case where the bill is wanting in equity. Dailey v. Koepple, 164 Ala. 317, 51 So. 348. The Supreme Court was therefore reviewing a final decree, and took notice of the want of a footnote to the bill in fixing the burden of proof and the sufficiency of the evidence, though this defect in the bill was not presented by demurrer or other direct method of attack. The holding was that on account of its absence an answer was waived, putting the burden on complainant to prove his allegations unaided by the decree pro confesso. The effect of the omission of the footnote was involved in the chancery court, and, therefore, involved on the appeal, though the chancery court may not have given due consideration to its absence as a factor in passing on the evidence. The bill was not dismissed on the appeal, but was reversed for insufficient proof and remanded with leave to amend the bill.

■ While it has been held that a bill without a footnote is subject to demurrer on that ground (Martin v. Hewitt, 44 Ala. 418; Winter v. Quarles' Adm'rs, 43 Ala. 692), its absence merely amounts to the waiver of an answer, when no demurrer is interposed for that reason. Sprague v. Tyson, 44 Ala. 338; Martin v. Hewitt, supra.

■ In this case, there was a footnote, but in it is a blank, so that the paragraphs to be answered are left uncertain; not that there was no footnote at all.

Rule 10 of Chancery Practice therefore applies. That defect is not one which may be reached by demurrer, for it has been repeatedly held that the proper method of reaching

it is by a motion to take the bill from the files. Martin v. Baines, 217 Ala. 326, 116 So. 341, and cases there cited.

Since the only ruling of the court was on the demurrer, there is nothing else to review, and the insufficiency of the footnote on account of a blank in it is not; and cannot be, so presented on this appeal. It is of course subject to amendment. Martin v. Hewitt, supra.

Under rule 108, Chancery Practice, and section 6655, Code, the chancellor has the right in his discretion, when a demurrer is overruled, to tax the cost occasioned by the demurrer to the respondent, who thus causes the cost to be incurred. Section 9480, Code, is a rule applicable in courts of law, but it is not in conflict with the statutes which apply in equity. It is not by way of imposing a punishment on him for want of good faith, but in the discretion of the court by way of requiring him, as the losing party to that issue, to pay the costs so incurred. Whatever might be the ultimate outcome of the litigation, it is in the discretion of the court to tax the cost of a demurrer, which is overruled, to the party who wrongfully causes such cost to accrue, although he may have acted in good faith.

We see no occasion to hold that the discretion was here abused.

Since there was no error in overruling the demurrer to the bill, the decree to that effect is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.