176 So. 194

**PUCKETT et al. v. RUSSELL.**

8 Div. 799.

Supreme Court of Alabama.

June 17, 1937.

Rehearing Denied Oct. 14, 1937.

Ben L. Britnell, of Decatur, for appellants.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

FOSTER, Justice.

This is a bill in equity filed by the trustee in bankruptcy for the benefit of creditors of R. W. Puckett, and seeks to set aside certain conveyances in fraud of his creditors. It alleged that at the time of the execution of the conveyances the said R. W. Puckett was indebted to the Bank of Hartselle in the approximate sum of $4,000, which was duly filed as a claim against the bankrupt estate. The recitals in this respect conform to the requirements of Harrison v. Stuart, 219 Ala. 405, 122 So. 623, which do not conflict with Cartwright v. West, 185 Ala. 41, 64 So. 293, since neither case requires that the bill set forth a description of all the creditors, but shall at least describe one or more so as to show what principles of law have application, and that there exists a creditor accurately described whose rights are due to be protected by the trustee who is a representative of creditors of the bankrupt.

Although there may be different grantees from the same debtor of different items of property, and at different times, the bill is not thereby rendered multifarious. Green v. First National Bank, 224 Ala. 47, 138 So. 550; Lambert v. Anderson, 224 Ala. 110, 139 So. 287; 10 Alabama Digest, Fraudulent Conveyances, p. 611, ☞74(3).

The bill alleges in one alternative that the consideration was simulated and fictitious, and that the conveyances were voluntary. Since it alleges that the debt of the bank was then in existence, the fact that it was voluntary is all that is necessary in that aspect to show fraud.

Birmingham Property Co. v. Jackson Securities & Investment Co., 226 Ala. 612, 148 So. 316; Waites v. First National Bank, 227 Ala. 684, 151 So. 847.

In the alternative, it is alleged that R. W. Puckett was insolvent and heavily indebted, which was known to the grantees, each respectively, and that he was being pressed by his creditors, and that R. W. Puckett had the purpose of placing his property beyond the reach of his creditors, and that such grantees knew of that intent and participated in it, and that the property in each such conveyance was worth greatly more than any consideration which may have been paid.

 The general principles which apply to protect a bona fide purchaser control this situation, assuming, as this aspect of the bill does, that the purchaser paid value for the conveyance. If he received the legal title with warranty deed for present value, he is protected in his purchase unless he had notice of the intent of the grantor to hinder, delay, or defraud his creditors. If the bill shows that present value was paid for such a conveyance, it is not sufficient unless it alleges that the grantee had notice of the intent of the grantor. Federal Land Bank v. Rowe, 222 Ala. 383, 133 So. 50; London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359; Boutwell v. Spurlin Mercantile Co., 203 Ala. 482, 83 So. 481; McCollum v. Burton, 220 Ala. 629, 127 So. 224.

It will be noticed that this aspect of the bill does not allege that the consideration was cash or other value paid at the time the conveyance was made or afterwards. While it concedes a valuable consideration, it may have been the payment of an antecedent debt. When the conveyance is to satisfy an antecedent debt, it is not material that the grantor intended to hinder, delay or defraud his other creditors or to create a preference, and that the grantee knew of such intent, if the antecedent debt was of an amount equal to or more than the value of the property thus conveyed. May v. Mathers, 233 Ala. 654, 172 So. 907; Crisp v. First National Bank, 224 Ala. 72, 139 So. 213; London v. Anderson Brass Works, supra; 10 Alabama Digest, Fraudulent Conveyances, p. 615, ☞87.

So that the second aspect of the bill is consistent with the two alternatives, one, that the consideration was presently paid, and, the other, that it was in payment of an antecedent debt. In either view of that aspect it is sufficient. It alleges the fraudulent intent by the grantor and notice of it by the grantee. That satisfies the requirement when the consideration is present value. Then it alleges that the property was worth greatly more than the consideration. That satisfies the other alternative of that aspect.

The bill then alleges that certain portions of the property were separately conveyed by R. W. Puckett's grantees to others, each separately described; that each such grant was either voluntary, or, in the alternative, that the grantee knew that her grantor acquired the title to the property from R. W. Puckett in fraud of the rights of his creditors, and participated in such intent when she received the conveyance. Those allegations are sufficient to show that the grantees were not bona fide purchasers for value and without notice.

We think that the demurrer to the bill in respect to the several matters we have discussed was properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.