## HAGAMAN v. STAFFORD.

A paper, purporting to be an affidavit made before a justice of the peace in another county, was offered in evidence. *Held*, that there must be proof of its authenticity in order to authorise its admission; but that it might be proved by parol evidence.

ERROR to the *Owen* Circuit Court.

*Saturday, November 27.*

HOLMAN, J.—Action on the case by a father for the seduction of his daughter, whereby he lost her service. Plea, not guilty. On the trial, the daughter was introduced as a witness on behalf of the plaintiff, and stated in her evidence that the

Nov. Term,
1830.

HAGAMAN
v.
STAFFORD.

child she had borne was begotten by the defendant at her father's in *Greene* county. In order to discredit her testimony, the defendant offered in evidence a paper, purporting to be an affidavit made by the witness before a justice of the peace of *Greene* county in a case of bastardy, in which it is said that she then swore, that the defendant was the father of the child, and that it was conceived at *Peter Hagaman's* in *Greene* county. The plaintiff objected to the reading of this affidavit, because it was not authenticated by the certificate and seal of the clerk; but the Circuit Court, on receiving proof that the man before whom the oath appeared to be sworn, was, at the time of making the affidavit, an acting justice of the peace of *Greene* county, permitted it to be read in evidence without any proof, says a bill of exceptions, of the hand-writing of the justice, or that he ever made the certificate. The defendant obtained a verdict. The plaintiff moved for a new trial. The Circuit Court overruled the motion, and gave judgment for the defendant.

The affidavit should not have been read without proof of its authenticity. It purports to be a part of a legal proceeding, before the justice of the peace, between the state and the present defendant; and, being detached from the case, is not entitled to the same credit as if the whole proceedings had been certified. Again, it purports to be the original affidavit, being nowhere spoken of in the record as a copy; and, being a document that should not be thus removed from the office of the justice, its exhibition in this case for a purpose entirely foreign to that for which it was originally intended, and in a county different from that in which the justice resided, is calculated to excite suspicion. The party introducing it should, therefore, be held to the strictest proof of its authenticity; which, however, may be furnished by oral testimony.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c. (1).

*Naylor*, for the plaintiff.

*Merrill*, for the defendant.

(1) A re-hearing was granted in this case; but the same judgment in it, as above, was afterwards rendered.