SMITH *v.* SCANTLING.

</div>

Trover. Plea, a former recovery in assumpsit for the non-performance of the same promises mentioned in the declaration. *Held*, that the plea was bad.
If an instrument of writing not set out in the pleadings be offered in evidence, its execution must be proved.

APPEAL from the *Cass* Circuit Court.

SULLIVAN, J.—This was an action of trover, brought by *Scantling* against *Smith*, to recover the value of certain goods and chattels claimed by the plaintiff, and converted by the defendant to his use. The defendant pleaded, 1st, not guilty; 2dly, that on the 11th of *January*, 1836, the plaintiff, before a justice of the peace of *Cass* county, who then and there had

<div style="text-align:right"><em>Thursday,<br>December 14.</em></div>

Nov. Term, 1837.

SMITH
v.
SCANTLING.

jurisdiction, &c., impleaded the defendant in a certain plea of assumpsit, for the not performing "the very same identical promises and undertakings in said declaration mentioned," and such proceedings were thereupon had, that the defendant, by the consideration and judgment of said justice of the peace, recovered against the plaintiff —— dollars for his costs and charges about his defence laid out, &c. To the second plea the plaintiff demurred; setting out special causes, and the defendant joined in demurrer. The Court sustained the demurrer. The cause was tried by a jury on the general issue. The jury found for the plaintiff, and judgment was accordingly rendered by the Court.

During the progress of the trial a bill of exceptions was taken, from which it appears that the defendant below (*Smith*) and one *A. W. Steele*, on the fourth of *April*, 1835, entered into a contract in writing under seal, by which they agreed to plant and raise a crop of corn and oats on the lands of *Smith*, each party to do and perform certain things therein named, and after harvesting the crop, to make a just and equal division between themselves; that on the 16th of *May*, 1835, *Steele*, by an indorsement on the back of said writing, substituted and appointed *James C. Cox* in his place, to do and perform "all and each of the conditions in said articles of agreement" by him to be done and performed, and to receive his portion of the crop, &c.; that on the 27th of *July* following, *Cox* sold to *Scantling*, (the plaintiff below,) and, by a separate instrument of writing, assigned to him all his interest in the crop so raised or to be raised on the land of *Smith*. To the admission of the agreement between *Smith* and *Steele*, as evidence to the jury, the defendant objected, until its execution should be proved; but the Court overruled the objection, and permitted the agreement to be read as evidence to the jury, without proof of its execution.

We think the demurrer to the second plea was well sustained by the Court. This is an action of trover, the gist of which is the wrongful conversion of the plaintiff's property. The plea sets up, as a bar to the action, a former recovery in an action of assumpsit for the not performing "the same identical promises and undertakings" in the plaintiff's declaration mentioned. It is obvious that this plea is no answer to the

declaration; it does not conform to the count, and is for that reason bad on demurrer. 1 Ch. Pl. 507.

*Nov. Term, 1837.*

*Doe v. Moore.*

We think, however, the Court erred in permitting the agreement between *Smith* and *Steele* to be read to the jury as evidence, without proof of its execution. It was offered to prove an important and material fact in the cause, that is, property in the plaintiff, and the defendant below had a right to question its genuineness. The execution of an instrument of writing which is the foundation of the plaintiff's action, or of the defendant's defence, and which is set out in the pleadings and not denied under oath, unless that oath be waived by the opposite party, as in the case of *Hagar* v. *Mounts*, 3 Blackf. 57, need not be proved on the trial. When it is not so set out in the pleadings, but is offered to prove a fact arising in the progress of the cause, its execution must be duly proved.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*I. Naylor*, for the appellant.
*H. Cooper*, for the appellee.