Nov. Term,
1847.

Draper
v.
Williams.

Tuesday,
January 25,
1848.

INGLE v. THE STATE.—In error.

*A.* BEING indicted for an assault and battery and bound by a recognizance to answer the charge, was advised by his attorney that if he, *A.*, could not procure a continuance of the cause on affidavit, " he then could escape and forfeit his recognizance, which would work a continuance of said cause until the next term at a trifling cost." *Held*, that the attorney was not, for giving said advice, guilty of a contempt of Court.

If an attorney be fined in such case for a contempt, he may have a writ of error. R. S. 1843, p. 664.

---

CRIST v. CRIST.—On appeal.

DEBT on a writing obligatory for the payment of money. There was no plea filed. The cause was submitted to the Court without a jury upon an agreed statement of facts. Judgment for the plaintiff. *Held*, that there being no issue in the cause, the judgment was erroneous. *Shiel* v. *Ferriter*, 7 Blackf. 574.—*Dunn* v. *Hall*, ante, 32.—*Mahan* v. *Sherman*, ante, 63.—*Neely* v. *Chinn*, ante, 84.

---

DRAPER v. WILLIAMS.—On appeal.

AN affidavit, made for the purpose of procuring a foreign attachment, was offered in evidence. There was annexed to the affidavit a certificate purporting to be signed and sealed by *A. B.*, stating that the affidavit had been sworn, in the city and state of *New York*, before said *A. B.*, Commissioner in said state to take depositions, affidavits, &c., to be used or recorded in the state of *Indiana*, &c. *Held*, that without further proof, the affidavit was not admissible in evidence. *Hagaman* v. *Stafford*, 2 Blackf. 351.—*Doughton* v. *Tillay*, 4 *id.* 433.—*Fellows* v. *Miller*, ante, 231. See R. S. 1843, p. 200.