Filed May 19, 1891.

---

No. 14,969.

### DICKEY ET AL. *v.* SHIRK.

INTERROGATORIES.—*Antagonistic Interrogatories.* — If two interrogatories, and the answers thereto, are antagonistic, and in opposition to each other, they neutralize and destroy each other, and must be disregarded.

INSTRUCTION.—*Interrogatories Showing Erroneous Instructions Harmless.*—If it appear affirmatively from an interrogatory, and the answer thereto, that the complaining party was not harmed by an erroneous instruction given, or by the refusal of a proper one, the error is immaterial.

EVIDENCE. —*Claim of Ownership.—Conversation.*—An interrogatory addressed to a witness requiring him to call to mind a conversation he has had with a certain person, and to state if it amounted to asserting a claim of ownership of the property in question, can be excluded by the court.

REAL ESTATE.—*Partnership, Treated as Personalty.*—Real estate owned by a partnership is treated as personal property, although the title is taken in the name of one of the partners.

SAME — *Wife's Interest in Partnership Realty.*—The wife of one of the partners of a partnership has no interest in the real estate owned by the

partnership which is sold and conveyed, even without her joining in the deed of conveyance, during the partnership.

From the Tipton Circuit Court.

*W. R. Oglebay, John H. Swoveland, Milton Bell* and *W. C. Purdum*, for appellants.

*J. N. Waugh J. P. Kemp, R. B. Beauchamp, W. W. Mount, G. H. Gifford* and *J. M. Fippen*, for appellee.

OLDS, C. J.—From 1863 to 1871, the appellant, Hugh Dickey, and one James V. Cox, were in partnership doing a speculative business, purchasing real estate, buying tax-titles, etc. During their said partnership certain real estate was purchased, one tract of Isaac Parker, and one tract of Lorinda E. Jackson, and paid for by Dickey with his own money, and deeds taken for the same in his own name. In the year 1871, Cox died, the partnership being unsettled at the time of his death. Prior to the death of Cox, he took exclusive possession of the real estate. After his death the land was treated as part of his estate, and conveyed by his widow and children, and the appellee, Elbert H. Shirk, Jr., became the owner of the real estate in controversy, in this action, and described in the complaint, through mesne conveyances from the widow and children of Cox, being part of the tracts purchased of said Parker and Jackson, and this suit is brought by the appellee against said appellants, Hugh Dickey and Hannah Dickey, his wife, to quiet his title to the same.

Issues were joined and a trial had, resulting in a verdict and judgment for the appellee. The jury returned a general verdict in favor of the appellee; they also returned answers to certain interrogatories propounded by both the appellants and appellee. Appellants severally moved the court for judgment in their favor on the answers to interrogatories, notwithstanding the general verdict, which motions were overruled and the ruling assigned as error. Appellants also moved for a *venire de novo*, which was overruled; also, for a

new trial, which was overruled, and these several rulings are assigned as error.

The theory of the appellee is, that the real estate was purchased by the firm of Dickey & Cox as partnership property; that Dickey advanced the purchase-money and took the title in his own name, but that it was in fact purchased by the firm, and Dickey advanced and paid the purchase-money for the firm; that afterwards the firm repaid to Dickey the purchase-money so advanced, and that in the adjustment of their partnership affairs, by agreement between them, Cox became the owner of all the real estate in controversy, and accounted to and paid Dickey for the same and took exclusive possession of it, and he and his heirs and their grantees have ever since continuously held possession, occupied and improved the same; that the appellee is the equitable owner of the portion in controversy in this suit. On the other hand, it is contended by the appellants that the purchase by said Dickey was an individual purchase by him and the purchase-money paid by him, whereby his wife took an interest which could not be divested by any sale made by her husband, and that it could only be divested by a deed in which she joined with her husband.

It is also maintained that even if it was purchased as partnership property, and paid for by Dickey, that by the agreement it was only to become partnership property on its being paid for by the firm, and until it was paid for by the firm and conveyed to the firm by Dickey, in which conveyance his wife joined, she would not be deprived of her interest. It is further contended that Dickey has never been repaid any portion of the purchase-money, and it is maintained:

*First.* That appellant Hugh Dickey is the owner in fee of all the real estate.

*Second.* That there vested in his wife Hannah an inchoate interest in one-third, which has in no event been divested.

*Third.* That the cause of action in favor of the appellee.

to quiet title, if any accrued, is barred by the fifteen years' limitation.

The principal discussion of counsel is addressed to the ruling of the court in overruling the motion for judgment on the interrogatories notwithstanding the general verdict.

It is contended by counsel for the appellant that the answers to interrogatories are in direct conflict with the general verdict.

We do not think there was error in this ruling of the court. Some of the answers, considered separate and apart from the others, may be said to be antagonistic and in conflict with the general verdict, but they are in conflict with other interrogatories and answers which support the general verdict. Where two interrogatories and answers are antagonistic and in opposition to each other, they have the effect to neutralize and destroy each other, and they must be disregarded in so far as having any effect to overthrow a general verdict. In this case the interrogatories and answers are so in conflict with each other, and so unintelligible, that they can not be allowed to control the general verdict.

The difficulty, in part at least, comes from not stating each question separately in succinct and definite language, so as to be easily and clearly comprehended and fully understood by the jury.

The jury find that Dickey and Cox entered into a general partnership in 1863, which continued until the death of Cox, in 1871 ; that during the partnership the real estate in controversy was purchased for the partnership, and became the property of the partnership, and that the members of the firm were equal owners ; that the widow and children of Cox inherited all the interest in the real estate that Cox owned. They find that Parker and Jackson each owned a separate part of the real estate, and conveyed it to Dickey, and that he paid for the same of his own means ; that the appellant, Hannah Dickey, at the time of the purchase, was, and ever since has been, the wife of the appellant Hugh Dickey.

The interrogatories which it is most earnestly contended are in conflict with the general verdict are, first, No. 4, propounded by appellee, as follows:

"4. Was not the real estate in dispute, from the time of its purchase, held as the property of said partnership until about the year 1869, at which time was not the said real estate sold to the said James V. Cox, and in pursuance of the sale did not the said James V. Cox take the exclusive possession of the said real estate, and did he not continue such ownership and possession until the date of his death, in the latter part of the year 1871?" The answer is, "We do not so find."

There are several propositions stated in the question. All that can be said the jury intended by the language used in the answer is that they do not find that the facts are as stated in the question; in other words, the jury do not find that the facts as stated are true, nor do they find that each fact stated is not true; that is to say, the answer can not be construed as a finding by the jury that the real estate was not held at all as partnership property, for they have answered to interrogatory No. 2 directly that it was purchased as partnership property, and that it became partnership property. Nor can it be construed to be a finding that it was not sold to Cox at all, or that he did not take possession, and hold it for a time. It may be said to be a finding inferentially that he did not purchase it at a particular time, and hold it for the time stated, but this is as unfavorable a construction to the appellee as can be given to the answer. Either party was entitled to a definite answer to the question, and they waived their right to have a definite answer.

Question 9, propounded by the appellant, is as follows:

"9. Did the defendant Hugh Dickey ever sell said lot No. 18 to James V. Cox or to any other person?" The answer is, "No proof that he did."

"Question 10. If the jury should answer the next preceding question in the affirmative, then when was said sale

made and what was· the consideration paid?" The answer is, "We, the jury, find no consideration or sale of land."

In their answer to question 11, which asked if Dickey did not purchase and pay for the land with his own money and take the deed in his own name, with the understanding that Cox should pay to him one-half, and after Cox paid the one-half, that it should thereafter be held and considered as partnership property, the jury answered that it was held as partnership property.

By the answer to question 12 the jury find that Cox paid, or accounted either individually or in the course of their partnership, to Dickey for the purchase-money of said real estate.

From the answers to interrogatories it may fairly be said that the jury have found that the property was purchased by the firm and held as partnership property, but that Dickey advanced the purchase-money and took the title in his own name, and that afterwards Cox paid or accounted to said Dickey for the purchase-money. There is no finding controverting the fact that the firm sold the land to Cox. The jury find the property to be the property of the firm; that there was no sale by Dickey to Cox, but that Dickey had been fully paid for the same by Cox. The answers are reconcilable on the theory that the jury regarded the property as firm property, and as. being sold by the firm to Cox and that Cox accounted to and paid Dickey for it. They further find that there was a settlement between Dickey and the executor of the will of Cox, and that Dickey was owing the estate some four thousand dollars which he paid, and that in said accounting the real estate was not considered or taken into account.

There is no finding controverting the fact that Cox paid Dickey for the land, took possession of it as his own and improved it, and after his death his wife·and children retained possession and sold the same. Nor do the answers

controvert a sale of this partnership real estate to Cox by the firm and the payment by him for the same.

The general verdict finds all the facts entitling the appellee to recover in his favor, and we do not think the answers to interrogatories find facts which overthrow the general verdict and entitle the appellants to judgment. Nor do the answers to interrogatories disclose any facts that show the action to be barred by the statute of limitation of fifteen years. The answer stating that the cause of action accrued more than fifteen years prior to the commencement of the action states a mere conclusion. There are no facts found showing that the appellee, or those through whom he claims title, took possession of the land adversely to the appellants more than fifteen years before the commencement of the suit, or that the appellants asserted their claim of title more than fifteen years before the suit was commenced.

It is contended that the court erred in sustaining an objection to a question propounded to appellant, Dickey, on re-examination.

The land had been platted, and one Wright had become the owner of some lots that were part of the land purchased of Parker W. Jackson, and on cross-examination the witness's attention was called to the fact that Wright had purchased the lots and finding they were in the name of Dickey, called upon Dickey for a deed, and Dickey was cross-examined to show that he was called upon by Wright to make him a deed to perfect his title, and that he had done so for a nominal or no consideration.

The conversation which took place between Wright and the witness, Dickey, was not asked for or sought to be elicited, but it is apparent that the evidence sought to be elicited was the fact that Wright having purchased the lot as the property of the heirs of Cox, and finding that his title was defective, for the purpose of perfecting his title called upon Dickey to make him a deed, which he did for a nominal or no consideration. This fact was sought to be elicited as a

circumstance tending to establish appellee's theory of the case. On re-examination the witness was asked the following question :

" Now, you may state whether in this matter of making a quitclaim deed to Mr. Wright, or to his grantee, whether or not you claimed to Mr. Wright to have the title, to own the title to this land ; whether or not you claimed the ownership of this land in this same transaction."

Objection was made to the question and sustained. This question sought to have the witness state what he claimed, or rather to state his conclusion as to whether he made a claim of ownership to the lots or not.

If the cross-examination was of such a nature as to entitle the appellant to have the conversation detailed on re-examination, then the proper method was by asking what was said on the occasion, and to have the witness state what was said in the conversation in relation to the making of the deed to Wright.

The question propounded was not proper. It called upon the witness to give his version as to whether or not he made a claim of title or of ownership. It asked the witness to call to mind what was said, and draw a conclusion as to whether or not it amounted to asserting a claim of ownership, and state that conclusion. This was not proper, and there was no error in sustaining the objection.

This is the only question as to the introduction of evidence which is discussed.

It is contended that the sixth instruction given is erroneous.

This instruction is to the effect that if Dickey and Cox were partners, and in the course of their partnership business one or both members of the firm purchased the real estate in controversy as the property of the firm, but at the request of Cox the title was taken in the name of Dickey for the firm, and afterwards, by the agreement of said partners, Dickey and Cox, the property was sold to Cox, and in pursuance of said agreement and sale, Cox was put into and took exclusive

posssesion of the same, and so held the same until his death, and the plaintiff (the appellee), at the time of the commencement of this suit, had and held all the right, title and interest, including possession of said real estate that was held by Cox at the date of his death, then he would be entitled to recover, and have his title quieted against both of the defendants.

This instruction properly stated the law. If the real estate was part of the assets of the firm, as found by the jury, then as against the other partner, the wife of Dickey had no interest in it, and if in the course of their business this property was sold to Cox, and he put into full possession and control of it, in equity it became his property, and he or his grantees had the right to have the title quieted.

If Dickey advanced the purchase-money for the firm, and purchased the property for the firm, as contended by the appellee, it became the property of the firm, and the firm thereby became indebted to Dickey for the amount advanced, which he was entitled to have paid to him or taken into account in adjusting the affairs of the partnership. This the jury find was done; that Cox accounted to Dickey for the purchase-money. The real estate of a partnership is treated as personal property ; this is true, although the title is taken in the name of one of the partners. Story Equity (13th ed.), p. 682, sec. 674 ; Lindley Partnership, p. 343.

It is also earnestly contended that the court erred in giving the seventh instruction. This instruction proceeded upon the theory that if the real estate was owned by Dickey individually, and he sold the same to Cox and put Cox in possession and Cox took full possession and control of it, and so retained the possession and control up to the time of his death, and after his death his heirs or grantees retained possession, and the appellee at the time of the commencement of this suit had held and owned, and still has and owns, all the interest owned by Cox at the date of his death, he is entitled to recover and have his title quieted as against

Hugh Dickey, although the purchase-money may never have been paid by Cox, and Dickey and wife may never have conveyed the same to Cox.

The answers of the jury to special interrogatories find that the real estate was purchased for, and became the property of, and was held as the property of the firm. And they further find that Cox accounted to Dickey for the purchase-money. It, therefore, appears affirmatively that the appellants were not harmed by this instruction, although erroneous. The jury found the real estate to belong to the firm, and that Cox accounted to Dickey for the purchase-money. It is, therefore, evident that they did not arrive at the verdict in favor of the appellee on the theory of its being the individual property of Dickey, and were not governed by the instruction relating to this theory of the case. It appearing by the answers to interrogatories that the appellants were not harmed by the instruction, although erroneous, the giving of it is not cause for a reversal of the judgment.

It is next contended that the verdict is not sustained by sufficient evidence, and is contrary to the law applicable to the facts. We have considered the evidence and can not agree with this contention. There is sufficient evidence to sustain the verdict.

Error is also assigned on the ruling of the court in refusing certain instructions requested by the appellant. The first instruction relates to the burden of proof, and is fairly covered by the instructions given, as is also instruction number three which was refused. Instruction number four was an instruction based upon the theory that the land was purchased and paid for by Dickey, and that he and Cox had an agreement that when Cox paid to Dickey one-half of the purchase-money paid by Dickey for the same that Cox was to be an equal partner, and if Cox never paid the one-half of the purchase-money and died, and the partnership was settled and the debts of the firm were all paid, Dickey paying his portion without taking into consideration said land,

Dickey *et al. v.* Shirk.

in that event the land would not be the partnership property, but the property of Dickey.

The court gave to the jury full and fair instructions as to what was necessary for the appellee to prove to entitle him to recover, and the jury find that the land was purchased as partnership property and held by the firm as such, and it is evident that the appellant was not harmed by the refusal to give this instruction. Nor do we think there was any error in refusing instruction number seven, which proceeded upon the theory that the land was deeded to Dickey to defraud the creditors of Cox. The case does not appear to have been tried upon any such theory. One witness testified to a statement made by Cox to the effect that he had been involved and did not want real estate in his own name, as a reason for the deed being taken in the name of Dickey, but there is no evidence that he was owing any debts at the time the deed was made, or that he was owing any person at that time who could be defrauded by putting the title in the name of Dickey.

We have examined all the instructions requested by appellants and refused. The case was fairly presented to the jury by the instructions, and we are of the opinion that the cause was fairly tried and a proper conclusion reached under the evidence, and that there is no such error committed as should reverse the judgment.

Judgment affirmed, with costs.

Filed May 20, 1891.