No. 17,181.

## BOOHER, RECEIVER, v. PERRILL ET AL.

PARTNERSHIP.—*Partnership Property.—What Constitutes.*—Where the taxes on a flouring mill were in the firm name, and each member of the firm contributed one-half of the money that went into the business, and the firm had sole possession and use of the mill and milling business, and did business with a bank in the firm name, made repairs at the expense of the firm, put a roller process in the mill which was paid for out of the firm money, the mill and the real estate upon which it stood, however acquired by the parties, was partnership property and subject first to the payment of partnership debts.

SAME.—*Mortgage of Individual Interest to Secure Individual Debt.—Foreclosure Sale.—Title.*—If a member of a partnership mortgage his individual interest in the partnership property, and such interest be sold on foreclosure, the purchaser at sheriff's sale does not necessarily obtain absolute title to the property; for the partnership debts, if any, must first be paid out of the partnership property, and afterwards the individual partners' debts.

From the Hamilton Circuit Court.

*T. J. Terhune, W. A. Pickens* and *C. M. Zion,* for appellant.

*C. N. Beamer, B. K. Elliott* and *W. F. Elliott,* for appellees.

HOWARD, J.—In the complaint filed by appellant in this case, it is alleged that on the 14th day of September, 1891, in a certain action in the Boone Circuit Court, wherein Nathan Perrill was plaintiff, and the administrator and heirs of Francis M. Harrison, deceased, were defendants, the appellant was, by the judgment of the court, appointed receiver of the late firm of Harrison & Perrill, which firm had been composed of the said Francis M. Harrison and Nathan Perrill, and had been engaged in the milling business, and the buying and

VOL. 140—34

selling of wheat and other grain, and in the manufacture of flour and other products of said mill, in the town of Zionsville; that said Harrison and Perrill had been equal partners in said firm; that by the said judgment the appellant, as such receiver, was ordered and directed to take possession, control and management of all the assets and business of said firm, to collect all debts due the firm and reduce all the assets of the firm to cash for the purpose of paying the partnership debts; that he was, by said judgment, further ordered and directed, as such receiver, to sue and to be sued in any court of competent jurisdiction in any matter connected with said partnership affairs; that on the 19th day of September, 1891, the appellant duly qualified as such receiver and entered upon the discharge of his said duties, and has since so continued to act; that the assets of the firm, so far as they have come to his knowledge, consist of book accounts of the probable value of three hundred dollars and of one roller process flouring mill and boiler, engine, machinery, and appliances in and about said milling business, and the lot of ground upon which said flouring mill is situated, being lot 3 in Cross's second addition to said town of Zionsville, it being of the probable value of four thousand dollars; that said partnership was entered into on the 22d day of October, 1885, for the purpose of carrying on said milling and grain business, and continued until the 21st day of May, 1891, when said Francis M. Harrison departed this life; that all said property was owned by and belonged to said firm, and was used in said milling business; that it is necessary to sell said partnership property to create assets to pay the debts of said partnership, and he asks an order to sell the same for such purpose.

A demurrer to this complaint by John M. Breedlove, one of the appellees, was overruled; thereupon the said

Breedlove filed his answer, being a general denial, and six special answers. In his special answers the appellee Breedlove averred that said mill and milling property were not partnership property, but that the said Harrison & Perrill owned the same as tenants in common; that on the 28th day of January, 1889, the said Nathan Perrill borrowed of the said Breedlove the sum of $1,-321.67, and gave to said Breedlove as security therefor a mortgage upon his undivided one-half of said mill and milling property; that said mortgage debt not being paid the said mortgage was duly foreclosed, and on the 9th day of May, 1891, the undivided one-half of said land and milling property was sold and bought in by said Breedlove in satisfaction of said debt, and that the same not being redeemed from such sale the said Breedlove received a sheriff's deed therefor on the 10th day of May, 1892, claiming, therefore, that said appellee Breedlove's title to said undivided one-half of said milling property is superior to all claims of partnership or other creditors, and to appellant's rights as receiver.

Other matters are brought into the record and discussed in the briefs. We think, however, that the only question for our consideration is whether the milling property was partnership property and liable to be made assets for the payment of the partnership debts.

As to the right of the appellant, as receiver, to take possession of all partnership property and to turn it into assets for the payment of partnership debts, those were questions determined by the court in the appointment of the receiver, and can not be reviewed in this proceeding.

So, also, whether the firm was indebted to the Farmers' Bank in the sum of $3,400, or any other sum, and whether such indebtedness was secured by collateral deposited by Francis M. Harrison; and whether the firm

debt was so transferred from the bank to the estate of Harrison, are questions to be determined in the receiver's settlement with the court. Here, the question is simply whether the property proposed to be sold by the receiver is partnership property or not.

Because Perrill made a mortgage of his undivided interest in the mill property, it does not follow, necessarily, that the foreclosure of that mortgage and the purchase of the property at sheriff's sale, gave to the mortgagee absolute title to the property. If the mill was partnership property, the partnership debts must first be paid out of the property, and afterwards the individual partners' debts must be paid out of their respective shares of what remains.

We think the evidence shows, beyond question, that the mill was partnership property, being indeed almost the sole property of the firm. The business had been conducted as a partnership for many years previous to the time when Perrill bought an undivided one-half interest in the property.

The taxes on the property were in the firm name. Each partner contributed one-half of the money that went into the business. The firm had sole possession and use of the mill and milling business for the purposes of said firm and business. The firm did business through the Farmers' Bank, where a firm account was kept. Repairs were made upon the building at the expense of the firm. A roller process was put into the mill and paid for out of firm money. Indeed the mill and milling property, including the lot on which the mill stood, quite as much as the grain bought and sold or the flour manufactured, or the money at the bank, were all used as part and parcel of the partnership milling business. The real estate, and the mill upon it, however acquired by the parties, were used as firm property, and necessa-

rily so for the very existence of the firm. See *Roberts* v. *McCarty*, 9 Ind. 16, and notes.

The judgment is reversed, with instructions to grant a new trial.

