PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. FORT WAYNE AND NORTHERN INDIANA TRACTION COMPANY.

[No. 23,755. Filed April 3, 1923. Rehearing denied June 29, 1923.]

1. STREET RAILROADS.—Crossing Railroads.—Repair of Crossing. —Division of Expense.—Statute.—The crossing of a street railroad and a railroad consists of track of which one-half belongs to each railroad, and the statute (§5677 Burns 1914) makes it the duty of "each company, respectively, to maintain and keep in repair its own track," after the crossing has been constructed. p. 407.

2. WORK AND LABOR.—Services Rendered on Request.—Implied Promise to Pay.—Where a party, at the request of another, renders service in a matter as to which the latter is under a legal duty to have the service performed, and the party making the request receives and accepts the benefit, the law implies a promise to pay the reasonable value of such service. p. 409.

3. PLEADINGS.—Amendment.—Filing Amended Paragraph after Demurrer Sustained.—Effect.—Statute.—Where a demurrer

was sustained to a paragraph of pleading and the pleader filed another paragraph, with a different number, alleging substantially the same facts as were alleged in the paragraph to which the demurrer was sustained, with some additional facts, the new paragraph must be deemed an amended paragraph, the filing of which took out of the record the original paragraph, the demurrer thereto, and the ruling thereon, leaving only the new paragraph to be considered on appeal (§691 Burns 1914). p. 409.

4. PLEADING.—*Answer.*—*Sustaining Demurrer to.*—*Harmless Error.*—In so far as a paragraph of answer merely denied allegations of the complaint, which already were fully put in issue by a paragraph of general denial, the sustaining of a demurrer to it would be harmless. p. 412.

5. PLEADING.—*Contract with Predecessor of Party.*—*Sufficiency.*—In an action by an interurban railroad company against a railroad company to recover half the expense of repairing a crossing of such roads, an answer setting up a contract between the defendant and plaintiff's predecessor in the ownership of its road, which contract required such predecessor to pay for the entire cost of constructing such crossing, also the expense of maintaining and repairing it, and alleging that said line of interurban railroad has ever since been maintained and operated by said interurban company and by plaintiff "as its successor," that the plaintiff succeeded to all the rights and obligations of said traction company "under said contract," and has continued to maintain and operate said railroad across defendant's tracks "under said contract and not otherwise," is insufficient to show that the plaintiff ever was in such privity of contract or estate with the company which made the contract as to become legally bound thereby. p. 412.

6. PLEADING.—*Conclusions.*—*Belief of Pleader.*—The averment of a conclusion of the pleader, especially when such conclusion is based on the belief of the pleader arising from undisclosed facts, adds nothing to the pleading. p. 412.

7. EVIDENCE.—*Contract.*—*Proof of Execution Necessary.*—*Exceptions.*—Before a contract can be introduced in evidence, there must be proof of its execution, except where notice of intention to read it in evidence was given before trial, or it is set out in or referred to in the pleadings, and then not when the pleading has gone out on demurrer. p. 413.

8. STREET RAILROADS.—*Crossing of Railroad.*—*Expense of Repair.*—*Evidence.*—*Sufficiency.*—*Statute.*—Evidence that an interurban railroad company, whose single track crossed the four tracks of a railroad within the limits of a city, had replaced the worn-out "frogs" on the entire crossing and renewed the

MAY TERM, 1923.                         407

Pittsburgh, etc., R. Co. v. Ft. Wayne, etc., Trac. Co.—193 Ind. 405.

crossing, none of the expense having been paid by the railroad company, *held* sufficient to sustain a verdict for the interurban company for half the expense of renewing the crossing, notwithstanding evidence which tended to show that part of the crossing was not within a public street, but which did not show who owned the land upon which that part was situated, nor the proportion of the crossing expense that was incurred for renewing the crossing outside of the street, as the statute requires each company to maintain its own track, and where one company, in performing its own duty, necessarily did what it was the duty of both companies to do, it was entitled to be reimbursed for one-half the cost, and can enforce contribution (§5667 Burns 1914). p. 413.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by the Fort Wayne and Northern Indiana Traction Company against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.

*Barrett, Eberhart & Barrett* and *Rabb, Mahoney & Fansler,* for appellee.

EWBANK, J.—Appellee recovered a judgment for $1,888.45 as being one-half the cost of constructing crossings where its single-track railroad crosses the four-track railroad of appellant just north of the Wabash River in the city of Logansport, together with interest on said amount. Appellant assigns error upon overruling its demurrer to the complaint, sustaining demurrers to certain paragraphs of its answer, and overruling its motion for a new trial.

The substance of the complaint is that appellant is, and since prior to 1904 has been, a corporation owning and operating a system of steam railroads, including tracks in and along Canal Street, where the same intersects and crosses Third Street in the city of Logansport; that in 1907, the Fort Wayne

and Wabash Valley Traction Company built a line of street railroad in Third Street and beyond and placed a good, substantial and suitable crossing across the four tracks of defendant where it crossed them on Third Street, and thereafter, in 1911, conveyed to appellee all its system of street railroads in the city of Logansport, and all its franchises, including its said track in Third Street across appellant's tracks on said street at the intersection of Canal and Third Streets, which system of street railroads, tracks and franchises appellee purchased from its said vendor; that Canal Street and Third Street are both public streets of said city; that appellee is a street railroad corporation, and since the day after said purchase was made, has been and is the owner of and operating said system of electric street railroads and tracks under a public franchise authorizing it to do so; that prior to October, 1911, the said original crossings became worn out and unfit for further use, and appellant requested that appellee procure and install new and suitable frog crossings for its use and the use of appellee across said tracks on Third Street, and in pursuance of such request and demand, and by reason of the worn-out and unfit condition of the crossings, appellee procured and installed four new railroad crossings at the points of crossing appellant's four tracks, which ever since have been and are being used by appellee and appellant in the operation of their respective railroads; that appellee expended in procuring and installing said crossings the sum of $2,910.90, as itemized, which was the reasonable value of such crossings, materials and labor; that, by reason of said facts, appellant is liable to appellee for one-half of said cost and value, in the sum of $1,455.45 with interest thereon, which has been demanded, and is due from appellant to appellee, but is wholly unpaid.

Each of the four crossing frogs contained a section

of the track of each railroad, five or six feet long, extending between the rails of the track crossed and far enough beyond to join with the ends of other rails of which the tracks were made. And if the original crossings had become "worn out and unfit for further use", and appellant "requested that appellee procure and install new and suitable frog crossings for its use", as well as the use of appellee, and, after their installation, proceeded to use them as part of its railroad, as the complaint alleges and the demurrer admits, such facts would create a *prima facie* liability for half the cost.

Such a crossing consists one-half of track used by one railroad, and the other half of track used by the other railroad. And it is the statutory duty of "each company, respectively, to maintain and keep in repair its own track", after the railroads and crossings have been constructed. §5677 Burns 1914, Acts 1901 p. 46, §3; *Indiana, etc., R. Co.* v. *Barnhart* (1888), 115 Ind. 399, 410, 411, 16 N. E. 121.

It is elementary that where a party, at the request of another, renders service in a matter as to which such other party is under a legal duty to have the 2. service performed, and the party so requesting it receives and accepts the benefit, the law implies a promise to pay the reasonable value of such service. Elliott, Contracts §1358.

The complaint stated a cause of action, and the demurrer to it was properly overruled.

Appellant filed an answer of three paragraphs, the third of which was a general denial, while the first and second pleaded an alleged contract between appel- 3. lant and the company by whom the street railroad was constructed and sold to appellee, and alleged that appellee had rebuilt the crossings pursuant to the terms of that contract, and not otherwise. A demurrer to each of the first and second paragraphs of answer was

sustained in June, 1916, and, in September of that year, appellant filed a fourth paragraph of answer, setting out the same contract and alleging the same facts which had been alleged in the paragraphs to which demurrers were sustained, with further allegations of two or three additional facts and express denials of two or three allegations of the complaint. This "fourth" paragraph must be deemed an amended answer, the filing of which took out of the record the first and second paragraphs, the demurrers thereto, and the rulings on those demurrers. Therefore the sufficiency of the fourth paragraph of answer, alone, is presented for review on appeal. *Aetna Ins. Co.* v. *Indiana National Life Ins. Co.* (1921), 191 Ind. 554, 133 N. E. 4, and authorities cited; §691 Burns 1914, §650 R. S. 1881.

The fourth paragraph of answer admits that appellant is, and since 1904, has been the owner of a system of steam railroads, and alleges that in part the said system consists, and since before May 3, 1907, has consisted of four railroad tracks extending from First to Fifth Streets, in the city of Logansport, and across Third Street, which tracks are located partly in Canal Street and partly on appellant's own right of way without the limits of said streets; that when plaintiff's predecessor, the Fort Wayne and Wabash Valley Traction Company, wanted to construct its line of electric railway, it and appellant entered into a contract in writing, under date of May 3, 1907, which is recited in the answer, in substance, as follows: That whereas the traction company was engaged in the construction of an electric railroad which in its course would cross appellant's tracks "on the easterly side of Third Street in the city of Logansport, * * * as shown on (a certain blue print), * * * and whereas the parties mutually agree that said railroad of the traction company shall cross at grade the right of way and tracks

of" appellant, the parties mutually agreed, upon a consideration stated, that appellant granted to said traction company "the right to construct, maintain and operate its single track electric railroad across the right of way and tracks of [appellant] at the point above designated." That appellant should construct the crossing with frogs and materials which the traction company engaged to furnish, and the traction company should pay appellant the entire cost of such construction; that appellant should maintain and renew the crossing, subject to the approval of the traction company's chief engineer, and the traction company should pay the cost thereof; that the crossing should be made in conformity to the grade of Third and Canal Streets, and in case of any change in grade of those streets, the traction company should make all necessary changes in the crossing at its own expense, to conform to such change of grade.

It was further alleged that said Fort Wayne and Wabash Valley Traction Company was an electric railroad corporation of Indiana, and that it constructed its line of railroad across appellant's right of way and railroad tracks under said contract and not otherwise, and said line of railroad has ever since been maintained and operated by said company, and by appellee "as its successor", as a common carrier between distant cities, under said contract and not otherwise; that appellee did, as appellant believes, "succeed to all the rights and obligations of said traction company in and under said contract", and has continued to maintain and operate said railroad as a common carrier across appellant's railroad tracks "under said contract and not otherwise." And further that the materials and labor done and furnished and money expended by appellee for which this action was brought were done, furnished and expended under said contract and not otherwise, and not at the instance or request of appellant, or for

the use or benefit of appellant, but for appellee's own use and benefit, to enable it to operate its own railroad, and for no other purpose; that appellant never undertook or agreed to pay appellee any part of the claim sued for; and that appellant denied any liability under the statutes or otherwise.

So far as this fourth paragraph of answer merely denied certain material allegations of the complaint it set up a defense already fully put in issue by the 4, 5. paragraph of general denial; and unless it also presented an affirmative defense, sustaining a demurrer to it must be deemed harmless. *Tomlinson* v. *Bainaka* (1904), 163 Ind. 112, 115, 70 N. E. 155.

It does not state any facts at all tending to connect appellee with the alleged contract, except the recital that the Fort Wayne and Wabash Valley Traction Company, by which the contract was made, was appellee's "predecessor", and the averments that appellee, as its "successor", has maintained, used and operated the crossing, and that appellee did, as appellant believes, "succeed to all the rights and obligations" of said traction company, "in and under said contract."

This falls short of stating facts or even conclusions of fact showing that appellee ever entered into the alleged contract or undertook its performance, or ever was in such privity of contract or estate with the company which made the contract as to become legally bound thereby. *Evansville, etc., Trac. Co.* v. *Evansville Belt R. Co.* (1909), 44 Ind. App. 155, 163, 164, 87 N. E. 21; *Union Traction Co.* v. *Ross, Rec.* (1919), 71 Ind. App. 473, 476, 125 N. E. 73.

The averment of a mere conclusion of the pleader to the effect that, as appellant believes, the appellee succeeded to all the rights and obligations of the 6. maker of a contract which it did not execute, and the performance of which it is not shown to

have undertaken, either in writing, or for a considera-
tion, or at all, must be disregarded. It amounts only
to an averment that the pleader believes the legal effect
of some transaction or transactions, the facts of which
are not disclosed, was to impose a liability on appellee.
The bald assertion of a conclusion of law based upon
undisclosed facts adds nothing to the pleading. *Temple
v. State, ex rel.* (1916), 185 Ind. 139, 146, 113 N. E. 233;
*Mackey* v. *Lafayette, etc., Trust Co.* (1919), 70 Ind.
App. 59, 67, 121 N. E. 682; *Union Traction Co.* v. *Ross,
Rec., supra.* The demurrer to this paragraph of an-
swer was properly sustained.

The cause was tried upon an issue joined on the com-
plaint and the answer of denial. Appellant offered to
read in evidence the alleged contract set out in
7. its answer to which a demurrer had been sus-
tained, and complains of the exclusion of the
offered evidence. But no proof of its execution was
made or offered. And since it was not set out nor re-
ferred to in the pleadings on which the cause was tried,
and it does not appear that notice was given before
trial of an intention to read it in evidence, it could
only be admissible after proof of its execution, even if
otherwise competent. §§370, 501 Burns 1914, §§364,
478 R. S. 1881; *Hagaman* v. *Stafford* (1830), 2 Blackf.
351; *Smith* v. *Scantling* (1837), 4 Blackf. 443; 17 Cyc
425, 426, 427. Besides, the paragraphs of affirmative
answer having gone out on demurrer, there was no
issue to which it was pertinent. The ruling complained
of was not erroneous.

It is complained that the evidence does not sustain
the verdict. The parties admitted at the trial that the
tracks of appellant were first laid at that point
8. several years before the crossings were con-
structed; that the track of the electric railroad
now owned by appellee intersects them, and has since

1907; that at the time the intersection was first made, it was paid for by appellee's predecessor in title, who then owned the traction line, and all repairs up to 1911 were paid for by appellee and its predecessor in title; that it became necessary in 1911, to renew the crossing, and appellee renewed it and paid the cost of renewal, and that the amount claimed in the complaint was reasonable, and was the expense of renewal actually paid, for which demand had been made, but appellant denied all liability, and had paid nothing. The undisputed evidence showed that Third Street, from Canal Street north, was sixty-six feet wide, and that it extended across Canal Street south to the Wabash River, where a wagon bridge, with a roadway about twenty feet wide and a five-foot sidewalk on each side extended south across the river; that the four crossings are all inside the lines of Third Street, as extended south to the river, sixty-six feet apart, and that the tracks of the traction railroad extending to and across the river are also within those lines as so extended.

Witnesses also testified that part of appellant's tracks run west on Canal Street, and part of them are south of that street, and that appellee's track crosses the four tracks of appellant in Third Street, in Logansport, Indiana; that all the crossings are within the lines of Third Street, and that two of the crossings and part of another are in Canal Street, and possibly also the fourth, since it is not clear whether Canal Street is only sixty-six feet wide, or extends to the meander line of the river; that all of the location of the crossings is actually being used as part of the public highway across the river. Appellant introduced in evidence a plat, acknowledged and recorded in 1828, showing that the original plat of Logansport only marked Bridge Street (now Third Street) as extending south to the north line of Canal Street, and marked Canal Street as ex-

tending east and west along the river bank, sixty-six feet wide, and did not lay out or dedicate any street across the river; and also introduced evidence to the effect that from the south side of Canal Street (in which appellant's witnesses said two of the crossings and four feet of the third one were located), the driveway in Third Street narrows in approaching the bridge, until, at the north end of the bridge, it is only thirty feet wide, plus the width of the walk; and that the lines of Third Street, as thus marked by travel, do not embrace these crossings. But no evidence was offered tending to show how much, if any, of the cost of crossings was for what was said to be outside the limits of the street, nor that appellant had any title to the ground occupied by its tracks; and the offered evidence of a contract with reference to payment for the crossing was excluded, as above stated. Therefore, the only evidence before the court showed, without contradiction, that appellee had expended $2,910.90 in renewing a crossing, the greater part of which was in Canal Street and the rest on land the ownership of which was not proved; that such renewal was necessary; that no part of the expense of renewal had been paid by appellant; and that appellee had paid the entire cost of the original crossing. And it did not affirmatively establish that any definite portion of the cost of renewal had been paid for what was not in the street, or that any of the crossing was on a private right of way owned by appellant, or that appellee had agreed to pay for the crossing. This evidence fully proved appellee's right to recover one-half the cost of the crossing, and did not even tend to establish any defense to the action. Each of the companies was under a statutory duty to maintain its own track, and where one company in performing its own duty necessarily did what it was the duty of both companies to do, it is entitled to be reimbursed

for one-half the cost, and can enforce contribution. *Falley* v. *Gribling* (1891), 128 Ind. 110, 113, 26 N. E. 794; *Norris* v. *Churchill* (1898), 20 Ind. App. 668, 670, 51 N. E. 104; Elliott, Contracts §§1393, 1394.

Counsel for appellant have discussed certain constitutional questions on the assumption that they arise in this case by reason of appellee having entered into a contract to maintain and renew the crossing in consideration of being granted the right to cross appellant's private right of way. But, as we have seen, it was not shown that appellee ever entered into a contract, or ever became bound in any manner by a contract entered into by anybody else, or that appellant had title to the land or any of it on which the crossing was located. Therefore none of such questions is presented for decision, and we must decline to consider them.

The judgment is affirmed.

Myers, J., concurs in conclusion.