(No. 22065.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM MILLS, Plaintiff in Error.

*Opinion filed December 22, 1933—Rehearing denied Feb. 9, 1934.*

WALTER T. GEHR, (CHARLES P. R. MACAULAY, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

Charged with the crime of murder, the defendant, William Mills, entered a plea of not guilty, waived a jury, and was tried and found guilty by the trial judge without a jury in the criminal court of Cook county. He was thereupon sentenced to the penitentiary for life. The case comes

here by writ of error, and the sole question is whether, under the circumstances above related, the court possessed the right, by virtue of the Sentence and Parole act, (Smith's Stat. 1931, chap. 38, par. 801,) to sentence the defendant to the penitentiary.

A motion was made to vacate the sentence, and the denial of this motion is assigned as error on the theory that the Sentence and Parole act is a complete piece of legislation, which prior to its amendment on July 1, 1933, only authorized commitments to the penitentiary when the defendant pleaded guilty or when there was a verdict of a jury. If the Sentence and Parole act is not an independent piece of legislation but only an amendment to the Criminal Code the defendant asserts that the trial court lacked the power to sentence him, inasmuch as the act would be unconstitutional because, as an amendatory act, it failed to set out the sections of the Criminal Code which it purported to amend.

The defendant alleges that the trial court misapprehended the purport of *People* v. *Fisher,* 340 Ill. 250. That case, according to the defendant, only held that a jury was not an essential part of a tribunal for the trial of cases which under our constitution could only be prosecuted by indictment and where the defendant had pleaded not guilty. The People, on the contrary, argue that the ruling in the *Fisher case* was not intended to so restrict, and insist that there it was held, without qualification, that a jury was not an essential part of the court in a criminal trial, and that, as a natural sequence, where a jury is waived, the court has the power to render judgment and fix the punishment regardless of whether the defendant had pleaded guilty or not guilty. The People further contend that, in any event, the question is completely answered by paragraph 757 (div. 14, sec. 9,) of the Criminal Code, (Smith's Stat. 1931, chap. 38, p. 1097,) where it is provided that when the accused pleads guilty, "and in all other cases not

otherwise provided for, the court shall fix the time of confinement," etc. That section, it is contended, shows that the legislature had in mind cases where a jury might be waived and provided that the court should fix the penalty.

Paragraph 757 is a part of the act of March 27, 1874, (Smith's Stat. 1931, chap. 38, p. 1095,) and has been in force without amendment or partial repeal since that time. Subsequent to that enactment the legislature in 1895 passed an act creating a parole system, (Laws of 1895, p. 158,) which was repealed wholly by the Parole act passed by the General Assembly in 1899. (Laws of 1899, p. 142.) This 1899 Parole act was in turn repealed by the Parole act of 1917. (Laws of 1917, p. 353.) None of those acts repealed paragraph 757 expressly. The act of 1895 did contain language which in substance said that all laws or parts of laws in conflict with the provisions of the act are repealed, while the acts of 1899 and of 1917 said that all parts of laws not in harmony with each act are repealed. Prior to *People* v. *Fisher, supra,* a defendant in a criminal case in this State was not accorded the right, under a plea of not guilty, to waive a trial by jury. Naturally the question presented in this case could not have arisen until after the decision in that case. If paragraph 757 has been repealed in whole or in part such repeal must be held to be by implication. Owing to the fact that the legislature did not expressly repeal paragraph 757 when it enacted each of the three successive parole acts, it is manifest that no circumstances have ever arisen to warrant the conclusion that paragraph 757 was in conflict with the provisions of the successive parole acts. This is true, because during all the intervening years since paragraph 757 became a law it was the firm understanding of the law-makers, and the well known practice in our courts, that defendants in criminal cases could not enter pleas of not guilty, waive right of trial by jury and be found guilty and sentenced to prison by the trial court.

Section 1 of the Sentence and Parole act prior to 1933 provided, and subsequent to its amendment in that year provides, that where a criminal trial is held before the court without a jury the court shall impose imprisonment and fix a definite term thereof. Paragraph 757 states that the court shall fix the time of confinement. The phrases, "fix the time of confinement" and "fix a definite term of imprisonment" carry only one meaning, which is common to both. Prior to *People* v. *Fisher, supra,* no lack of harmony existed between paragraph 757 and the Sentence and Parole act. The statement, therefore, in section 15 of the latter, "that all parts of laws not in harmony with the provisions of this act are hereby repealed," was without force in so far as paragraph 757 was concerned. Such a statement adds nothing whatever to the effect of a statute as constituting a repeal by implication. (*Hoyne* v. *Danisch,* 264 Ill. 467; *People* v. *City of Rock Island,* 271 id. 412.) Inspection of paragraph 757 clearly shows that by this section the legislature sought to provide for any exigencies or unusual circumstances which might confront a court relating to the fixing of the time of confinement, such as had not been specifically provided for. Clearly, our decision in *People* v. *Fisher, supra,* created a situation for which the Criminal Code did not specifically provide. Paragraph 757 contains the appropriate language necessary to give the trial court the power to sentence the defendant. In the exercise of this power the trial court committed no error. The motion to vacate the sentence was properly overruled. For us to hold otherwise would be to create an absurd situation and to render useless our holding in *People* v. *Fisher, supra.* Such a conclusion here would be unwarranted, for, as we have shown, paragraph 757 was not expressly repealed by any provision of the Sentence and Parole act and was not repealed by implication. Under these circumstances courts usually adopt a construction which by every reasonable intendment will allow both

statutes to stand. *Trausch* v. *Cook County,* 147 Ill. 534;
*People* v. *Board of Education,* 349 id. 390.

For the reasons given, the judgment of the criminal
court of Cook county is affirmed. *Judgment affirmed.*