WINFREY ET AL. *v.* STATE LIFE INSURANCE CO. ET AL.

[No. 28,445. Filed May 13, 1949.
Rehearing denied June 29, 1949.]

*Symmes, Fleming & Symmes,* and *Owen S. Bowling,* all of Indianapolis, for appellants.

*Robert Lee Brokenburr* and *Forest W. Littlejohn,* both of Indianapolis, for appellees.

EMMERT, J.—This appeal has been transferred to this court from the Appellate Court under § 4-209, Burns' 1946 Replacement. The appeal is from a judgment declaring that upon the payment of the sum due the appellee The State Life Insurance Company on a contract for the sale of the real estate here involved, said insurance company was to issue a warranty deed

to the appellee Ella C. Abel and appellant Shirley H. Winfrey. Upon the cross-actions between the appellants Winfrey, and appellee Ella C. Abel, the finding declared that upon the death of Henry H. Abel his undivided one-half interest in the contract descended to his widow, Ella C. Abel. The error relied upon in appellants' brief for reversal is the overruling of appellants' motion for new trial.

The appellants contended in the trial court that Shirley H. Winfrey became vested with the entire ownership of the assets of a partnership, which was engaged in the undertaking business, by virtue of a written contract purported to be executed the 9th day of June, 1925, which recited in substance that the firm had taken out policies with the Metropolitan Life Insurance Company on each member of the firm, and paid the premiums thereon, and that upon the receipt of the check covering the amount of insurance, which was in the principal sum of $1,250 for each policy, plus the sum of $100 to be paid on burial expenses of the deceased member, the survivors became the owners of the partnership interest of the deceased member.[1] Appellant

---

[1] "That, whereas the above named firm has taken out policies with the Metropolitan Life Insurance Company on each member of the said firm and paid all premiums on these policies which are known as Policies Nos. 2698716-A, 3360073-5C, 2704046A, 2698678-A respectively, amounting each to the sum of One Thousand Two Hundred and Fifty Dollars ($1250) it is herewith decided upon and agreed that, in case of death of any member of the above mentioned firm that upon the receipt of the check covering the sum mentioned as due for the policy in force on the deceased member, said check shall be turned over to the deceased's member's survivors (that is the widow, children or dependents) thereby cancelling and liquidating any claim of deceased member or his survivors and heirs on the firm for money or support claimed to be due; One Hundred Dollars being paid on burial expenses in addition to check being released to survivors, by firm. Said heirs or possible survivors are to be

Winfrey testified the contract was drafted by the partners without the aid of counsel. The appellee Ella C. Abel under oath denied the execution of this contract by her deceased husband, Henry H. Abel.

It is not necessary to discuss the validity of the partnership contract or its provisions. The evidence was conflicting on the question of the execution of this agreement, and the burden of proving the execution thereof, under the issues as framed, was upon the appellants. § 2-1643, Burns' 1946 Replacement; *Pittsburgh, C. C. & St. L. Ry. Co.* v. *Ft. Wayne & Northern Indiana Traction Co.* (1923), 193 Ind. 405, 138 N. E. 759. The burden was also upon the appellants to establish the contract for the purchase of the real

apprised of the agreement here made and that the payment of such check will cancel any and all claims they may believe due from the firm above mentioned in addition, we the surviving members of the above firm agree to pay to these survivors or dependents, in case of the decease of a member, an additional sum, on the order of compensation or bonus, in the amount of from Five to Twenty Dollars per month, amount to be specified by the firm at the time of issuance and to be subject to the circumstances of the firm and of the heirs, said discretionary settlement to be determined by the firm alone.

"It is agreed that this monthly payment shall not begin until six months after the death and burial of the deceased member and shall continue only such time as is considered expedient by the firm, the conditions governing said continuance being the same as those mentioned in the above paragraph.

"We are fully cognizant of the agreement we have entered into and appreciate that this agreement, if carried out as written above, will release our surviving partners of the firm of Abel Bros., Harrison & Winfrey, from being liable to claim or suit with our heirs and surviving relatives as complainants as the payment of such a check as will be received from the Metropolitan Life Insurance Company, and the issuance of such a monthly bonus, as is found discretionary, will release the surviving members of the firm from any and all responsibility and will deny any interest or privilege in the firm or its business to our heirs or survivors."

estate, which was executed August 10, 1936, was an asset of the partnership. It did not recite that it was executed by Shirley H. Winfrey and Henry H. Abel as partners.

Shirley H. Winfrey as a witness for himself was at many times noncommittal, evasive and not able to remember. The partnership agreement was oral and entered into in March, 1922. He presented no receipts, cancelled checks, bank records, or books of account, to show that the payments under the contract to purchase the real estate executed August 10, 1936, were from partnership funds. Only one ledger account was introduced, and it only contained a record of the services rendered for the burial of Henry H. Abel, and the charges therefor, but the amount of this was contradicted by his verified claim filed in the estate of Henry H. Abel. No tax records were introduced. He failed to prove that the contract for the sale of the real estate became property of the partnership by proving it was being purchased with partnership funds and was used as an asset of the partnership within the rule recognized in *Matlock* v. *Matlock* (1854), 5 Ind. 403; *Booher, Rec.* v. *Perrill* (1895), 140 Ind. 529, 40 N. E. 36; *Dickey* v. *Shirk* (1891), 128 Ind. 278, 27 N. E. 733. There was evidence that the undertaking business was conducted upon the real estate, but there was no uncontradicted evidence as to what arrangement Shirley H. Winfrey and Henry H. Abel had between themselves for such use of the real estate. For all this record shows, Henry H. Abel could have been making all the payments on the real estate from his personal funds. There was no evidence to contradict the *prima facie* evidence of the contract for purchase which gave each of them an interest as tenant in common. § 56-111, Burns' 1943 Replacement.

Nor does the record show a case of estoppel against Henry H. Abel by reason of partnership funds being used to pay the premiums on the insurance followed by his acceptance of the benefits under said contract, which estoppel would bar his widow. His policy of insurance had been taken out some time before the purported execution of the partnership contract for insurance. The written evidence does not disclose that the partnership funds were used to pay the premiums on his insurance or the premium of any other member of the firm. The record does not conclusively establish that he knew anything about the partnership contract for insurance. The notary public who purported to swear the partners to the agreement was not produced as a witness, nor was her absence explained. This does not present a case where the trier of the facts arbitrarily disregarded the testimony of some uncontradicted or unimpeached witness. The credibility of the witnesses and the weight of the evidence was for the determination of the trial judge. *McGuire* v. *Indianapolis Broadcasting, Inc.* (1945), 223 Ind. 505, 61 N. E. 2d 642; *Metropolitan Life Ins. Co.* v. *Glassman* (1946), 224 Ind. 641, 70 N. E. 2d 24; *Newman* v. *Newman* (1943), 221 Ind. 432, 48 N. E. 2d 455; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474.

There was no reversible error in the trial court permitting testimony of the amount of gross receipts received by Shirley H. Winfrey from July 2, 1937, to October 3, 1945. At most this testimony was irrelevant, since this was not a suit for accounting or contribution, and the promise to pay a discretionary amount to the heirs of the deceased partners was wholly unenforceable. The case was tried by the judge without a jury and the record affirmatively shows that this testimony could not have influenced the finding, since no part of the finding is based upon it. The evi-

dence was not of an influential character on any material point which tended to prejudice appellants' case. *Shaughnessey* v. *Jordan* (1916), 184 Ind. 499, 111 N. E. 622; *Kaczmarczyk* v. *Dolato* (1922), 191 Ind. 540, 133 N. E. 829. There was ample evidence to sustain the court's finding that the parties each owned an undivided one-half interest in the contract.

Likewise, the testimony of the widow, Ella C. Abel, that she had asked Shirley H. Winfrey to pay her some money out of the business after the death of her husband was at most irrelevant, and the record affirmatively shows no harmful result followed.

The judgment is affirmed.

YOUNG, J. not participating.

NOTE.—Reported in 85 N. E. 2d 821.